IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02978-BNB

LINAYA GAIL HAHN,

    Plaintiff,

v.

GMAC MORTGAGE LLC,
MORTGAGE ELECTRONIC REGISTRATION SYSTEM INC.,
THE PUBLIC TRUSTEE OF BOULDER COUNTY, and
HONORABLE JUDGE BAILIN,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Linaya Gail Hahn, initiated this action by filing **pro se** a Complaint asserting a federal due process claim and numerous state law claims arising out of the foreclosure sale of certain real property located in Lyons, Colorado. Ms. Haun has been granted leave to proceed **in forma pauperis** pursuant to 28 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Ms. Hahn is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110. However, the Court should not be an advocate

for a *pro se* litigant. *See id.* For the reasons set forth below, the Complaint will be dismissed.

Ms. Haun challenges a foreclosure proceeding initiated by Defendant GMAC Mortgage LLC (GMAC) against real property upon which she resides in Lyons, Colorado. Plaintiff alleges that GMAC is not a holder in due course of the deed of trust to the property as required by COLO.REV.STAT. § 38-38-101 (2010) and, therefore, had no legal right to foreclose against the property. Plaintiff further alleges that the purported assignment of the deed of trust by Defendant Mortgage Electronic Registration System, Inc. (MERS), as agent for the undisclosed owner, to GMAC in September 2009 was null and void because MERS did not own the underlying promissory note (Note). Ms. Haun further alleges that any debt she owed on the property has been discharged in a bankruptcy proceeding. According to Plaintiff, the Boulder County District Court issued an order authorizing a foreclosure sale of the property by public trustee pursuant to Colo. R. Civ. P. 120 on February 28, 2011, despite GMAC's failure to proffer any evidence that it is in possession or control of the original Note. Ms. Haun alleges that a foreclosure sale has occurred and she is awaiting eviction from the property. Plaintiff claims that Defendant GMAC has unlawfully deprived her of property without due process of law in violation of the federal Constitution. She further asserts numerous pendent state law claims based on asserted deficiencies in the state foreclosure proceeding, including fraudulent misrepresentation. Ms. Haun seeks declaratory relief, an order enjoining Defendants from evicting Plaintiff from her property during the pendency of this action, an order nullifying the foreclosure sale, and an award of treble damages.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The Court lacks subject matter jurisdiction over the claims in the Complaint because Plaintiff is asking the Court to review the foreclosure proceeding in the Boulder County District Court. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

The ***Rooker-Feldman*** doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See **Feldman***, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." ***Crutchfield v. Countrywide Home Loans***, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id*. at 1148; *see also* ***Mann v. Boatright,*** 477 F.3d 1140 (10th Cir. 2007) (claim is "inextricably intertwined" with the state court judgment where success in federal district court would require court "to review and reject" that judgment); ***Pittsburgh County Rural Water Dist. No. 7 v. City of Maltster***, 358 F.3d 694, 707 (10th Cir. 2004) (federal claim is inextricably intertwined with state court judgment if the state court judgment "caused, actually and proximately, the injury for which [the party] seeks redress").

Ms. Haun's claims are inextricably intertwined with the state court judgment. Plaintiff's federal due process claim is premised on the argument that GMAC has violated her constitutional rights by "taking" her property in a foreclosure proceeding without the legal right to do so. Ms. Haun's pendent state law claims assert numerous deficiencies and fraud during the state foreclosure proceeding, all of which stem from Plaintiff's contention that Defendant GMAC and MERS have no legal right to the property. Furthermore, Plaintiff asks this Court to over-turn the state court's order authorizing the foreclosure sale and to award her compensatory damages. In short, all

of Ms. Haun's claims are inextricably intertwined with the state court order finding that she was in default on her mortgage and authorizing the foreclosure. ***See, e.g., Broke v. Chase Home Finance, LLC,*** No. 10-CV-00692-WYD-MJW, 2010 WL 2691693 at *6 (D. Colo. July 6, 2010) (claim that bank lacked a valid security interest was resolved against plaintiff in the state court foreclosure proceeding in determining that a default occurred and was barred by ***Rooker-Feldman*** doctrine); ***Mayhew v. Cherry Creek Mortg. Co., Inc.,*** No. 09-cv-00219-PAB-CBS, 2010 WL 935674 at **16-17 (D. Colo. March 10, 2010) (claim seeking to challenge or reverse completed state foreclosure proceeding was barred by ***Rooker-Feldman*** doctrine); ***Burlinson v. Wells Fargo Bank, N.A.***, No. 08-cv-01274-REB-MEH, 2009 WL 646330 at **5-6 (D. Colo. March 9, 2009) (same).

If Plaintiff's claims are not barred by the ***Rooker-Feldman*** doctrine, she must nonetheless pursue relief in the state courts. Colo. R. Civ. P. 120(d) provides for review of an order authorizing sale in "any court of competent jurisdiction." However, the Colorado Rules of Civil Procedure cannot confer jurisdiction in federal court. The Court has federal question jurisdiction over the federal due process claim and could potentially exercise supplemental jurisdiction over a Rule 120 proceeding claim, pursuant to 28 U.S.C. § 1367. However, this Court's exercise of supplemental jurisdiction over the plaintiff's Rule 120 proceeding is inappropriate for two reasons. First, § 1367 allows federal courts to decline to exercise supplemental jurisdiction if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). Here, whether GMAC had the legal right under

state law to foreclose on the Plaintiff's property is the crux of her case, as well as the basis of her federal due process claim. **See Burlinson**, 2009 WL 646330 at *6. Thus, the Rule 120 proceeding initiated by Defendant GMAC substantially predominates over the federal claim. *Id.*

Second, the exercise of supplemental jurisdiction over the Rule 120 proceeding is not warranted where there is an ongoing state proceeding and the state court provides an adequate forum to present any federal challenges. *Id.* at *7 (citing **Younger v. Harris**, 401 U.S. 37 (1971)). **Younger** abstention is appropriate where the state courts provide an adequate forum to hear the claims raised in the federal complaint and the state proceedings involve important state interests. **See Weitzel v. Div. of Occupational & Prof'l Licensing**, 240 F.3d 871, 875 (10th Cir. 2001). In this case, it is unclear whether there is an ongoing state proceeding at this time. If there has been a final judgment, **Rooker-Feldman** applies. If the Rule 120 proceeding is ongoing, Ms. Haun can continue to challenge the foreclosure sale and GMAC's legal right to the property in the state courts. Furthermore, matters concerning foreclosure have traditionally been resolved in the state courts. **See** Colo. R. Civ. P. 120(f) (providing that "[a]ny proceeding under this Rule involving a consumer obligation shall be brought in and heard in the county in which such consumer signed the obligation or in which the property or a substantial part thereof is located."). Accordingly, the Court finds that, to the extent the Plaintiff's claims are not barred by **Rooker-Feldman**, this Court should abstain from exercising jurisdiction over the claims to allow her to pursue

her legal remedies in the district court for Boulder County and the state appellate courts. Accordingly, it is

ORDERED that the Complaint and this action are dismissed without prejudice for lack of subject matter jurisdiction.

DATED at Denver, Colorado, this __15th__ day of ___December___, 2011.

BY THE COURT:


  __s/Lewis T. Babcock__
  LEWIS T. BABCOCK, Senior Judge
  United States District Court